**MINGZHONG CHEN, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General [1], Respondent.**

No. 07–2859–ag.

United States Court of Appeals, Second Circuit.

April 2, 2008.

Frank R. Liu, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, Barry J. Pettinato, Assistant Director, Tim Ramnitz, Attor-

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for for-mer Attorney General Alberto R. Gonzales as the respondent in this case.

ney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. B.D. PARKER and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner, Mingzhong Chen, a native and citizen of China, seeks review of a June 7, 2007 order of the BIA affirming the September 30, 2005 decision of Immigration Judge ("IJ") Elizabeth A. Lamb pretermitting petitioner's application for asylum and denying his applications for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Mingzhong Chen*, No. A 97 371 469 (B.I.A. June 7, 2007), *aff'g* No. A 97 371 469 (Immig. Ct. N.Y. City Sept. 30, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As an initial matter, Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding of neither changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D). While the courts retain jurisdiction, under 8 U.S.C. § 1252(a)(2)(D), to review constitutional claims and "questions of law," Chen has challenged only the IJ's purely factual determinations. Therefore, we lack jurisdiction to review the agency's pretermission of Chen's asylum application and dismiss the petition for review to that extent. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329–31 (2d Cir.2006).

When the BIA adopts and affirms the IJ's decision, then adds supplemental analysis, as here, this Court reviews the IJ's decision as supplemented by the BIA. *See, e.g., Yan Chen v. Gonzales*, 417 F.3d 268,

271 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Manzur v. U.S. Dep't of Homeland Security*, 494 F.3d 281, 289 (2d Cir.2007).

Substantial evidence supports the IJ's adverse credibility determination, which was based on Chen's submission of a fraudulent document and inconsistencies between Chen's testimony and his asylum application. *See Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir.2006).

The IJ properly found that an affidavit Chen submitted—allegedly from his nephew in New York—was fraudulent. Indeed, Chen's testimony indicated that: (1) he has never had a nephew or any other relative in New York; (2) he did not know the name of the author of the affidavit when presented with it; and (3) contrary to the affidavit, he never received any financial assistance after moving to New York. *See Niang v. Mukasey*, 511 F.3d 138, 146 (2d Cir.2007) (holding that an IJ's findings regarding the authenticity of evidence ordinarily merit deference except where "the IJ based his conclusion on unjustified assumptions and engaged in unsupported speculation"); *Siewe v. Gonzales*, 480 F.3d 160, 167–69 (2d Cir.2007). The IJ properly relied on the submission of this fraudulent document to support her adverse credibility determination where nothing in the record indicated that Chen did not know or had no reason to know that the document was fraudulent. *See Zaman v. Mukasey*, 514 F.3d 233, 238–39 (2d Cir.2008).

The IJ also properly found that Chen's testimony conflicted with his asylum application regarding the date of his initial arrest and whether he was handcuffed to a wall or an iron fence after his second

arrest. Although these inconsistencies may be minor, substantial evidence supports the IJ's finding that they, together with the submission of the fraudulent document, cumulatively demonstrated Chen's lack of credibility. *See Tu Lin*, 446 F.3d at 402. Moreover, as the IJ observed, Chen failed to corroborate his claim with any evidence from his parents and neighbors. The lack of such evidence rendered Chen unable to rehabilitate his testimony, the credibility of which had been called into question. *See Xiao Ji Chen*, 471 F.3d at 341.

Because the only evidence that Chen was likely to be persecuted or tortured depended upon his credibility, the agency's adverse credibility determination necessarily precludes success on his claims for withholding of removal and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006)

For the foregoing reasons, the petition for review is DISMISSED, in part, and DENIED, in part.